IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BLT HOMES LLC/KEY
PROPERTY HOMES,

    Plaintiff,

v.

JEWELL WATKINS and ALL
OTHERS,

    Defendants.

CIVIL ACTION NO.
1:13-CV-01996-TWT-LTW

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on *pro se* Defendant Jewell Watkins' request to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor (Docket Entry 1), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Defendant Watkins ("Watkins") is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant Watkins' motion to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Clayton County.

### PROCEDURAL BACKGROUND FACTS

On May 23, 2013, pursuant to Georgia law, Plaintiff BLT Homes LLC/Key

Property Homes (hereinafter "BLT Homes") filed a dispossessory proceeding in the Magistrate Court of Clayton County in an attempt to evict Defendant Watkins and all other occupants from a property located at 5590 Savannah River Road, Atlanta, Georgia 30349. (Docket Entry [1-1], p. 11). Watkins argues in her removal papers that this Court has federal question jurisdiction over the matter because BLT Homes' dispossessory action violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., O.C.G.A. § 51-1-6 and the Fourteenth Amendment of the United States Constitution.

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Watkins argues in her removal papers that federal jurisdiction over the matter is conferred because BLT Homes' actions violate the Fourteenth Amendment of the United States Constitution, O.C.G.A. § 51-1-6 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. However, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 59 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In the present case, BLT Homes relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Clayton County. No federal

question is presented on the face of BLT Homes' Complaint. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system. O.C.G.A. § 44-7-50, et seq.

  Additionally, Watkins includes no facts in her Petition for Removal of Action to support the existence of diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Neither Watkins' Petition for Removal nor BLT Homes' Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. BLT Homes' claim is simply a request for possession of real property belonging to BLT Homes. Because a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue; thus, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement. U.S. Bank Nat. Ass'n v. Williams, No. 1:13–CV–0284–TWT–JCF, 1:13-CV-0284-TWT-JCF, 2013 WL 811751, at *2 (N.D. Ga. Jan. 30, 2013); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan.

9, 2008). With respect to the calculation of the amount in controversy when the dispute involves a dispossessory proceeding, courts within the Northern District of Georgia have held that as a matter of law, there is no monetary amount in controversy for actions where the plaintiff is seeking only equitable relief from the court to gain possession of real property. SunTrust Mortg., Inc. v. Lee, No. 1:12–CV–02687–TWT–GGB, 2012 WL 5471843, at *2 (N.D. Ga. Oct. 11, 2012); CitiMortgage, Inc. v. Dhinoja, No. 1:10-CV-816-TCB, 2010 WL 1485674, at *3 (N.D. Ga. Apr. 13, 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). For these reasons outlined above, this Court finds that federal jurisdiction does not exist. Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Clayton County.

## CONCLUSION

Based on the forgoing reasons, Defendant Watkins' motion to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. This Court also **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Clayton County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

AO 72A
(Rev.8/82)

IT IS SO ORDERED AND REPORTED AND RECOMMENDED, this 16 day of June 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE